IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA CURTIS<br><br>　　　　　Plaintiff<br><br>　v.<br><br>COMMONWEALTH<br>FINANCIAL SYSTEMS, INC.<br><br>　　　　　Defendant | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff Donna Curtis commenced this case against Defendant Commonwealth Financial Systems, Inc. as a result of Defendant's improper and unlawful debt collection activities.

2. Plaintiff brings this action under the *Fair Debt Collection Practices Act*.

3. Plaintiff seeks actual damages, statutory liquidated damages, and attorneys' fees as a result of Defendant's violations of federal law.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d), 1693m(g)* and *28 USC 1331*.

5. Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. § 1391(b)(1) and (2)* because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

7. Plaintiff Donna Curtis ("Plaintiff") is a natural person residing in Chester County in the Commonwealth of Pennsylvania.

8. Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*, and according to the Defendant, Plaintiff owed a debt as that term is defined by *15 U.S.C. § 1692a(5)*.

9. Defendant is a corporation, maintaining an office for the regular transaction of business at 245 Main Street, Dickson City, Pennsylvania 18519.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*; Defendant sought to collect a consumer debt from Plaintiff.

11. The Defendant regularly engages, directly and indirectly, in the collection of debts including the debt collection activity subject of this action.

## FACTS

12. Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

13. On December 11, 2012, Plaintiff filed a voluntary petition in

bankruptcy under chapter 7 in the Bankruptcy Court for the Eastern District of Pennsylvania. The Bankruptcy Clerk assigned docket number 12-21392 to her case.

14. Plaintiff received a chapter 7 discharge under 11 U.S.C. § 727 on April 5, 2013.

15. Plaintiff's bankruptcy case was subsequently closed on April 8, 2013, pursuant to 11 U.S.C. § 350(a).

16. No adversary proceeding was filed against the Plaintiff challenging or disputing the dischargeability of any of her debts.

17. In June 2013, the Defendant marked its records to note that the Plaintiff received a discharge under Chapter 7.

18. Over one year after the Plaintiff received her Chapter 7 discharge the Defendant commenced attempted to collect a from the Plaintiff that was discharged in bankruptcy.

19. Defendant sent a written demand to Plaintiff for payment of a discharged debt dated November 13, 2014 ("First Debt Collection Letter;" copy appended hereto as Exhibit A.

20. The First Debt Collection Letter falsely alleged that the Plaintiff owed a "Current Balance" of "$3,680.60" to the Defendant (the "Debt").

21. Defendant offered to settle the "Current Balance" for a lump sum payment of 50%, or in the alternative, 60% of the claimed "current balance" paid in six equal installments from the Plaintiff.

22. Defendant knowingly demanded payment of the Debt despite

knowing it was discharged in bankruptcy..

23.     Defendant's First Debt Collection Letter violated the Bankruptcy's Court's discharge injunction as well as the Fair Debt Collection Practices Act.

24.     Plaintiff commenced an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Pennsylvania against the Defendant on November 20, 2014 seeking an order holding the Defendant in contempt of the discharge injunction and for attorney fees. The adversary proceeding was entitled Donna Curtis v. Commonwealth Financial Systems, Inc., docket 14-00647 (Curtis I).

25.     Curtis I was served on the Defendant on November 21, 2014.

26.     Richard N. Lipow, Esquire, represented the Plaintiff in Curtis I.

27.     Curtis I was settled on January 28, 2015; Plaintiff's counsel filed a praecipe to mark Curtis I settled discontinued and ended.

28.     After Curtis I was settled the Plaintiff received another debt collection letter from the Defendant on February 9, 2015, (the "Second Debt Collection Letter").  Attached as Exhibit B.

29.     In its Second Debt Collection Letter the Defendant demanded payment of the Debt.

30.     In its Second Debt Collection Letter the Defendant told the Plaintiff "**WHY NOT USE YOUR INCOME TAX REFUND TO SETTLE FOR A LOT LESS THAN YOU OWE**." Emphasis in the original; See Exhibit B.

31. The Plaintiff owed nothing to the Defendant at the time she received the Second Debt Collection Letter.

32. In its Second Debt Collection Letter the Defendant stated "[w]e have a very special offer for you to permanently resolve the balance on your past due collection account." See Exhibit B.

33. Defendant's Second Debt Collection Letter violated the Bankruptcy's Court's discharge injunction as well as the <u>Fair Debt Collection Practices Act</u>.

34. Defendant sent the Second Debt Collection Letter with full knowledge of Plaintiff's representation by an attorney with respect to the Debt and, further, with knowledge that the Debt had been discharged by order of the Bankruptcy Court.

35. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for a federal court injunction, federal law and the rights of the Plaintiff herein.

36. As a direct and proximate result of the Defendant's actions the Plaintiff suffered significant emotional distress and damage.

## Violation of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692

37. Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

38. The Defendant is a "debt collector" under section *1692a(6)* of the FDCPA.

39. The Defendant's subject of Second Debt Collection Letter, referred to therein as the "Current Balance" is a "debt" within the meaning of *15 U.S.C. § 1692a(5)*.

40. The Defendant violated 15 U.S.C. § 1692e when it communicated with the Plaintiff by mail in connection with a debt and falsely represented the legal status of the debt that was discharged in bankruptcy in the Second Debt Collection Letter received by the Plaintiff on February 9, 2015. *15 U.S.C. § 1692e*

41. The Defendant violated 15 U.S.C. § 1692c because, with respect to the Second Debt Collection Letter received by the Plaintiff on February 9, 2015, the Defendant communicated with the Plaintiff by mail in connection with a debt at a time when it knew that she was represented by an attorney with respect to the Debt and, at that time the Defendant had knowledge of that attorney's name and address. *15 U.S.C. § 1692c(a)(2).*

42. Pursuant to section 1692k of the FDCPA, Plaintiff is entitled to her actual damages plus statutory liquidated damages and attorney's fees, as a result of Defendant's violations of the FDCPA.

   WHEREFORE, Plaintiffs respectfully requests that:

A.  The Court determine that the Defendant has violated the *Fair Debt Collection Practices Act;*

B.  The Court enter judgment awarding actual and statutory liquidated damages to the Plaintiffs;

C.  The Court award attorneys' fees, expenses, and the costs of this suit, together with prejudgment and post-judgment interest at the maximum rate allowed by law; and

E.  The Court award such other and further relief as it may deem just and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

        Respectfully submitted:

        Lipow Law Office

        /S/ RICHARD N LIPOW

        By__RNL3966_____

        RICHARD N. LIPOW, ESQUIRE
        Swedesford Corporate Center
        629  Swedesford Road
        Malvern Pennsylvania 19355
        (610) 251-2500
        Attorney for Plaintiff

# VERIFICATION

I, DONNA CURTIS, declare as follows:

1. I am one of the Plaintiffs in the present case, a natural-born citizen of the United States of America, and a resident of the Commonwealth of Pennsylvania and am more than eighteen years old.

2. I have personal knowledge of the facts set forth in the foregoing Verified Complaint, and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint concerning myself, my activities, and my intentions are true and correct. 28 U.S.C. § 1746.

/s/ Donna Curtis
DONNA CURTIS