IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA CURTIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH FINANCIAL | : | |
| SYSTEMS, INC. | : | No.  15-0850 |

## JUDGMENT

**AND NOW**, this 13th day of July 2015, the Court having held a hearing on Plaintiff's motion for default judgment on July 8, 2015, at which Defendant did not appear; the Clerk having entered default on April 10, 2015; Plaintiff having moved for default judgment against Defendant (ECF Document No. 4); Defendants having failed to respond; and having considered Plaintiff's Affidavit of Costs and Fees (Doc. 7); it is hereby **ORDERED** that Plaintiff's motion (Doc. 4) is **GRANTED**.[1]

---

[1]  On February 19, 2015, Plaintiff Donna Curtis filed suit against Defendant Commonwealth Financial Systems, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant was properly served with the Summons and Complaint. (Doc. 2.) Defendant has failed to answer or otherwise defend the action within the time permitted by the Federal Rules of Civil Procedure, and the Clerk of Court properly entered Defendant's default pursuant to Fed. R. Civ. P. 55.  Plaintiff now moves for default judgment.

Plaintiff alleges in her Complaint, in sum, that Defendant sent her a letter to collect on a debt that had been lawfully discharged in bankruptcy.  Taking the allegations in the Complaint as true, Plaintiff has stated a viable cause of action under the FDCPA.  Because Plaintiff will be prejudiced if default judgment is not entered, Defendant does not appear to have a meritorious defense, and Defendant's failure to appear is the result of its own culpable conduct, Plaintiff is entitled to default judgment here.

Where a violation of the statute is found, the FDCPA provides for several remedies:  (1) actual damages sustained by the consumer, which may include emotional distress damages; (2) up to $1,000 in additional, statutory damages as the court may allow; and (3) attorney's fees and costs, as determined by the court.  15 U.S.C. § 1692k; *see Wenrich v. Robert E. Cole, P.C.*, 2001 WL 4994, at *6 (E.D. Pa. Dec. 22, 2000).  Here, Plaintiff requests an unspecified amount of actual damages for her emotional distress, the maximum statutory damage award of $1,000, and $6,847.06 in attorney's fees and costs associated with this litigation.  In support of her claim for actual damages, Plaintiff testified briefly at the evidentiary hearing as to the emotional distress caused by her receipt of the particular debt collection letter at issue in this case.  Plaintiff stated that the receiving the letter gave her "flashbacks" to the stress associated with her bankruptcy proceedings.  In addition, Plaintiff's counsel argued at the hearing that the maximum statutory damages award is appropriate because the letter at issue was Defendant's *second* attempt to

**JUDGMENT** is **ENTERED** in favor of Plaintiff Donna Curtis and **AGAINST**

Defendant Commonwealth Financial Systems, Inc., in the amount of $7,847.06.


BY THE COURT:


__/s/ L. Felipe Restrepo_____
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

unlawfully collect on a discharged debt, and Defendant sent the letter *after* Plaintiff had reached a settlement concerning the first letter.

With respect to actual damages for emotional distress, while "[p]roof of physical injury is not necessary to obtain an award of emotional distress damages under the FDCPA," awards of "actual damages are minimal for emotional distress absent any indication that mental health treatment has been obtained or that the emotional distress has concretely affected a plaintiff's personal or professional life." *Manopla v. Bryant, Hodge & Associates, LLC*, 2014 WL 793555, at *6 (D.N.J. Feb. 26, 2014) (internal citations and quotation marks omitted). "Moreover, even in cases where a plaintiff has suffered permanent personal and professional damages, the damages awards are relatively small . . . ." *Id.* Plaintiff has not presented evidence of any permanent damage to her personal or professional life or any mental health treatment for her stress. Plaintiff's testimony indicated that any emotional distress caused by the second letter was fleeting in nature, lasting for several days or weeks at most. Accordingly, the Court will award Plaintiff $500 in actual damages.

The decision to award statutory damages and whether to award the full $1,000 is committed to the discretion of the court. *Manopla*, 2014 WL 793555, at *6. The "maximum statutory damage award is only assessed in cases where there has been repetitive, egregious FDCPA violations, and even in such cases, the statutory awards are often less than $1,000." *Ford v. Consigned Debts & Collections, Inc.*, 2010 WL 5392643, at *5 (D.N.J. Dec. 21, 2010). Although the letter at issue was, indeed, the second letter sent by Defendant, it was dated *before* the settlement was entered by the bankruptcy court regarding the first letter. Moreover, the content of the letter at issue was not threatening in nature, but rather offered options for Plaintiff to settle her debt for less than she was deemed by Defendant to have owed. For these reasons, the Court will award Plaintiff $500 in statutory damages.

Finally, as noted above, Plaintiff may recover from Defendant "the costs of the action, together with a reasonable attorney's fee as determined by the Court" under the FDCPA. 15 U.S.C. § 1692k. To calculate reasonable attorney's fees, the Court uses the lodestar method: the number of hours reasonably expended litigating the matter multiplied by a reasonable hourly rate. Plaintiff's counsel Richard Lipow has requested an hourly rate of $400, for all non-administrative tasks. We find this rate to be reasonable and comparable to prevailing market rates in the Eastern District of Pennsylvania. We also find reasonable the hours expended by Mr. Lipow on this matter, as detailed in his billing records submitted to the Court (ECF Doc. 7-1). Therefore, the Court will grant Plaintiff's requested award of $6,368.88 in attorney's fees and $478.40 in costs, for a total of $6,847.06.